UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES E. JONES,              )
                                         )
           Plaintiff,          )
                                         )
v.                               )         No. 3:22-CV-36-CLC-JEM
                                       )
FEDERAL BUREAU OF INVESTIGATION,  )
                                       )
           Defendant.      )

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Pro Se Motion for Leave to Proceed *in forma pauperis*, filed on February 1, 2022 [Doc. 1]; Plaintiff's Complaint filed against Defendant Federal Bureau of Investigation ("FBI") on February 1, 2022 [Doc. 2]; and Plaintiff's amended Pro Se Motion for Leave to Proceed *in forma pauperis*, filed on May 2, 2022 [Doc. 6]. For the reasons more fully stated below, the Court finds that Plaintiff shall be allowed to file his Complaint without prepayment of costs based on the amended Motion for Leave to Proceed *in forma pauperis* [Doc. 6], but the Court **RECOMMENDS** that Plaintiff's Complaint [**Doc. 2**] be **DISMISSED**.

## I.    FILINGS AND ALLEGATIONS

On February 1, 2022, Plaintiff filed a deficient Application to Proceed *In Forma Pauperis* ("Initial Application") [Doc. 1]. Plaintiff's income and his potential ability to pay any court fees were unclear from the Initial Application. The Court entered an order on February 18, 2022 [Doc. 5], informing Plaintiff that his Initial Application was deficient, as he had submitted the incorrect form, leaving the Court unable to assess whether *in forma pauperis* status was appropriate. The Court directed Plaintiff to cure the deficiency in his Initial Application within

thirty days of the February 18, 2022, order [Doc. 5] and provided Plaintiff with a courtesy copy of the correct form and a link to the Court's website containing the form.[1]  Plaintiff filed an amended Application to Proceed *In Forma Pauperis* on May 3, 2022 ("Amended Application") [Doc. 6].

In his Complaint [Doc. 2], Plaintiff alleges that he and his family have been used as "Electronic Slave Porn Den Sex Slaves for Human Trafficking/Cybersex Trafficking" by FBI employees for the past ten years [Doc. 2 p. 4].  He claims that he has found camera equipment typically used by the FBI to surveil suspected criminals within his and his family's homes dozens of times over several years [*Id.*].  Plaintiff appears to assert a negligence claim against Defendant FBI as well as violations of various state and federal criminal statutes, including: Human trafficking in violation of Tenn. Code Ann. § 39-13-314; wiretapping and electronic surveillance in violation of Tenn. Code Ann. § 39-13-601; sexual exploitation of children and other activities relating to material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251 & 2252; peonage, sale into involuntary servitude, forced labor, tracking, and sex trafficking of children in violation of 18 U.S.C. §§ 1581, 1584, 1589, 1590, & 1591; and fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030 [Doc. 2 p. 8].  Plaintiff asks the Court to order relief for him in the amount of $10,000,000—constituting $1,000,000 each year for the past ten years due to the mental and emotional stress he and his family have suffered.

## II.     ANALYSIS

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915.  The purpose of the statute is to ensure that indigent litigants have meaningful access to the courts.  *Neitzke v.*

---

[1]      *See* Application to Proceed in Forma Pauperis with Supporting Documentation, E.D. Tenn., https://www.tned.uscourts.gov/sites/tned/files/forms/ifp_nonprisoner.pdf (last visited May 20, 2022).

*Williams*, 490 U.S. 319, 324 (1989); *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court must sua sponte dismiss a matter under 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss the case at any time if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A.      Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

While the Amended Application was untimely filed and is still deficient in certain respects,[2] the Court finds the Amended Application is sufficient to demonstrate that Plaintiff has

---

[2]      For example, Plaintiff indicates he rents his home in the Amended Application but does not indicate any rent expense [Doc. 6 pp. 2 & 7], yet in the Initial Application, Plaintiff indicated he pays $500 per month in rent [Doc. 1 p. 2].

3

little income and few assets. Considering Plaintiff's Amended Application, it appears to the Court that Plaintiff's economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. Accordingly, the amended Application to Proceed *In Forma Pauperis* [**Doc. 6**] is **GRANTED**, and the initial Application to Proceed *In Forma Pauperis* [**Doc. 1**] is **DENIED as MOOT**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

### B. Merits

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

Plaintiff alleges that fiber optic camera equipment has been installed in his and his family's homes in Tennessee and Georgia and in other buildings across the country [Doc. 2 pp. 4 & 6]. Plaintiff states he has found the equipment within his home, and he has collected hardware and network information for that equipment [*Id.* at 7]. Plaintiff alleges that, for the last ten years, the camera equipment has been used to livestream audio and video recordings of himself and many others to third parties, including members of the FBI, state police, and others for purposes of human and cybersex trafficking [*Id.* at 6]. Plaintiff claims he has reported this situation to the FBI, the Department of Justice, local police, and other state and federal officials numerous times; however, Plaintiff contends no one has come to his aid [*Id.*].

Plaintiff says this situation has rendered him unable to leave his home for fear of being tracked, stalked, harassed and further that Plaintiff has no assurance of safety or privacy within his

home due to the presence of the cameras [*Id.* at 8]. Plaintiff contends that, whenever he does leave his home, he is "tormented by some form of noise from outside being generated by the Human Traffickers with small airplanes, jets, motorcycles, tractor trailers, loud vehicles, sirens, horns, fireworks, firing guns or any other means of generating noise" [*Id.*]. In addition, Plaintiff claims he has been in two car accidents in the last several months that were caused by the human traffickers, resulting in him being hospitalized [*Id.* at 7]. Plaintiff says his attempts to receive assistance for this situation have resulted in his phone, computer and internet services being disrupted, his texts and calls being blocked or redirected, and emails being removed from his email accounts among other things [*Id.* at 8].

As an initial matter, the undersigned finds that Plaintiff's claim against the sole named Defendant, the FBI, must be dismissed because the FBI is entitled to sovereign immunity for any claim related to the FBI's investigation and enforcement activities. The Sixth Circuit has provided that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 544 (6th Cir. 1999) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999); *see Richards v. F.B.I.*, No. 1:12-cv-1027, 2012 WL 5386563, at *2 (W.D. Mich. Nov. 1, 2012) (quoting *Gao* for same). "A waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Richards*, 2012 WL 5386563, at *2 (citing *Gao*, 185 F.3d at 544)). Furthermore, "a waiver of sovereign immunity must also be 'unequivocally expressed' in the statutory text." *Id.* Plaintiff has failed to identify "any waiver of sovereign immunity allowing an individual to force the FBI to investigate an alleged crime[,]" and courts routinely "[reject] the proposition that the United States has waived its sovereign immunity for FBI investigation and enforcement decisions." *Id.* (citing *Waters v. FBI*, No. 11-cv-17, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011) (holding that Congress has not waived sovereign

Case 3:22-cv-00036-CLC-JEM    Document 9    Filed 05/25/22    Page 5 of 10    PageID #: 44

immunity for FBI and IRS investigation and enforcement activities).  The FBI therefore must be dismissed from this action on grounds of sovereign immunity to the extent Plaintiff's claims accuse the FBI from failing to investigate the crimes Plaintiff alleges were being committed against him or from failing to enforce any law.

Plaintiff's Complaint also fails to state a claim of relief.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Further, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 555 U.S. at 557).

Plaintiff makes vague assertions that he and others have been subjected to, among other things: human and sex trafficking, sexual exploitation and abuse of children, fraud, and wiretapping.  Plaintiff has presented no allegations to support these claims aside from his naked assertions.  While Plaintiff claims that he has collected some of the recording equipment and data related to it over the years, he offers minimal insight into how this equipment entered his home and other locations and alleges nothing more than conclusions that he and his family have been continuously recorded for the past ten years for purposes of human or cybersex trafficking.  In addition, Plaintiff charges the sole defendant listed in this action, the FBI, with negligence in failing to remove the camera equipment, but it is unclear from Plaintiff's allegations what duty the FBI owed him, what role the FBI may have played in installing the equipment in the first place, or why the FBI should be tasked with removing it.  Plaintiff also refers to numerous other unnamed state and federal actors who he claims have played a role in the harm he has suffered, making it

6

appear that Plaintiff may be alleging some form of a mass conspiracy or plot has been formed against him. The Court finds the Complaint presents naked assertions devoid of factual enhancement, and Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) to provide a "short and plain statement of the claim showing that he is entitled to relief."

Moreover, there is no indication that Plaintiff has properly brought a tort claim against the FBI in this action. To bring an action under the Federal Torts Claims Act, 28 U.S.C. § 1346, Plaintiff must have first presented his claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). The failure to comply with § 2675(a) "operates as a jurisdictional bar to proceeding in federal court." *Johns v. City of Florissant Police Dep't*, No. 4:18-CV-1121 AGF, 2019 WL 1160818, at \*7 (E.D. Mo. Mar. 13, 2019) (citation omitted); *see also McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").

Thus, the Court finds Plaintiff's tort claims against the FBI appear to be premature, as Plaintiff has failed to demonstrate compliance with § 2675(a) and exhaustion of his administrative remedies prior to filing this civil action. *See Jones v. FBI*, No. 3:21-CV-225, 2021 WL 5239586 (E.D. Tenn. Nov. 10, 2021) (dismissing complaint against FBI with prejudice based on lack of subject matter jurisdiction due to Plaintiff's failure to exhaust available remedies under the Federal Tort Claims Act before filing suit).[3] The undersigned does not recommend that Plaintiff be given additional time to demonstrate compliance with § 2675(a) because, as discussed later, Plaintiff's complaint appears to be frivolous.

---

[3]    [*See* Doc. 4 (finding Case Numbers 3:21-CV-225 and 3:22-CV-36 related because they "arise out of the same transaction or occurrence and involve one or more of the same parties")].

On his Civil Cover Sheet [Doc. 2-1], Plaintiff checked Box 899, indicating that the nature of his suit is also partially premised under the Administrative Procedure Act or is an Appeal of an Agency Decision. The Administrative Procedure Act provides that an "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Plaintiff has failed to identify any such reviewable action taken by the FBI or any other federal agency, and as stated above, it does not appear Plaintiff has pursued any formal remedy within the FBI itself other than his vague assertions that he has "reported" this situation. Thus, Plaintiff has failed to state any claim under the Administrative Procedure Act.

In addition, the Court finds Plaintiff's attempts to bring any federal criminal charges under statutes not providing a right to civil relief through the initiation of a private action are misplaced. *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) ("[A] private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). And it is unclear from the Complaint how a federal district court would be the appropriate venue for the prosecution of any state criminal statutes, assuming Plaintiff has the right to initiate a state criminal prosecution in any court.

To the extent Plaintiff has stated any claim for relief, the undersigned also recommends that Plaintiff's Complaint be dismissed because the allegations are frivolous and need not be credited by the Court. *See Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) ("The standard is not whether or not the district court believes the [plaintiff]—rather, it is whether the facts are rational."). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. "A complaint is frivolous only if the plaintiff fails to present a claim with an 'arguable

basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 325). A complaint is legally frivolous "when indisputably meritless' legal theories underlie the complaint," and the compliant is factually frivolous "when it relies on 'fantastic or delusional' allegations." *Id.* (quoting *Neitzke*, 490 U.S. 325).

Plaintiff alleges that he and countless others are being tormented by third parties who have planted cameras and other recording devices in numerous locations, including in Plaintiff's and others' homes, in private vehicles, and in an unknown but seemingly vast number of public buildings and facilities. Plaintiff claims that his electronic devices are being disrupted, that his passwords are being spontaneously changed, and that emails and messages are being mysteriously removed from his accounts without any explanation. Plaintiff also alleges that he cannot leave his home because he is plagued by constant and incessant noise being made by the unidentified human traffickers. The undersigned recommends Plaintiff's Complaint be dismissed, as these are "fantastic or delusional" allegations that should not be credited. *See id.*; *see also, e.g.*, *Lawler*, 898 F.2d at 1199 (providing as examples of claims lacking rational facts "prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoner access to legal texts").[4]

Accordingly, the undersigned recommends Plaintiff's Complaint be dismissed as frivolous and for failure to state a claim of relief.

---

[4]     *See also, e.g.*, *Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting plaintiff to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

9

## III. CONCLUSION

For the reasons set forth above, Plaintiff's amended Application to Proceed *In Forma Pauperis* [**Doc. 6**] is well taken, and the same is **GRANTED**, and Plaintiff's initial Application to Proceed *In Forma Pauperis* [**Doc. 1**] is **DENIED as MOOT**. The Clerk is **DIRECTED** to file the Complaint in this case without prepayment of costs or fees. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[5] because it is **RECOMMENDED**[6] that the Complaint [**Doc. 2**] be **DISMISSED**.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[5]   This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[6]   Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).